**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

OMAR ASHANTI JOHNSON, #K74565,    )
                                  )
            Plaintiff,            )
                                  )
    vs.                           )        Case No. 26-cv-00232-SMY
                                  )
LATOYA HUGHES,                    )
                                  )
            Defendant.            )

## MEMORANDUM AND ORDER

**YANDLE, Chief Judge:**

This matter is before the Court on the Emergency Motion for Temporary Restraining Order ("TRO")/Preliminary Injunction filed by Plaintiff Omar Ashanti Johnson (Doc. 18).  Plaintiff is an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Menard Correctional Center.  He filed the instant motion after initiating his underlying *pro se* lawsuit pursuant to 42 U.S.C. § 1983, asserting Defendant's C-grade and B-grade policies violate his First Amendment right to reasonable access to the telephone to communicate with outsiders (Doc. 1).

Plaintiff alleges the Menard warden sanctioned him to approximately one year in C-grade status, beginning March 11, 2026, which bars him from all telephone use (Doc. 18, p. 3).  His disciplinary infraction was unrelated to any misuse of the telephone.  When he is restored to B-grade status, he will be allowed telephone access only 24 times in the following year.  He argues the absolute denial of telephone access violates his right to reasonable access to the telephone and is unrelated to safety and security or any other legitimate penological purpose (Doc. 18, pp. 3-4).  He requests a TRO/preliminary injunction to restore his access to the telephone "now and as often as necessary to preserve his right to reasonable access to the telephone while this cause proceeds to resolution at trial."  (Doc. 18, p. 10).

1

A TRO is an order issued without notice to the party to be enjoined that may last no more than 14 days. FED. R. CIV. P. 65(b)(2). A TRO may issue without notice *only* if (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required. FED. R. CIV. P. 65(b)(1). Because Plaintiff has not demonstrated the likelihood of immediate and irreparable harm before Defendant can be heard, his request for a TRO in Doc. 18 is **DENIED**.

A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (emphasis in original). It may issue only after the adverse party is given notice and an opportunity to respond. *See* FED. R. CIV. P. 65(a)(1). A plaintiff seeking a preliminary injunction must establish that he has some likelihood of succeeding on the merits, that no adequate remedy at law exists, and that he will suffer irreparable harm if injunctive relief is not granted. *Mays v. Dart*, 974 F.3d 810, 818 (7th Cir. 2020) (citing *Speech First, Inc. v. Killeen*, 968 F.3d 628, 637 (7th Cir. 2020)). If these elements are established, the Court must then balance the potential harm to the movant if the preliminary injunction were denied against the potential harm to the non-movant if the injunction were granted, and must consider whether granting the preliminary injunction is in the public interest. *Mays*, 974 F.3d at 818; *Courthouse News Serv. v. Brown*, 908 F.3d 1063, 1068 (7th Cir. 2018).

Defendant must be given an opportunity to respond before the Court can resolve Plaintiff's request for preliminary injunctive relief. However, the Court must first conduct a preliminary review of the Complaint under 28 U.S.C. § 1915A, which requires the Court to screen prisoner

2

Complaints to filter out nonmeritorious claims and dismiss any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant.  28 U.S.C. § 1915A.  This review will be accomplished by separate order.  If the Complaint survives § 1915A review, defendant will be directed to respond to the request for preliminary injunctive relief in Doc. 18.

**IT IS SO ORDERED.**

**DATED:  April 13, 2026**

_**s/ Staci M. Yandle**_
**STACI M. YANDLE**
**Chief U.S. District Judge**